# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>Sarah Michaels, Inc.;<br>Sarah Michaels, LLC;<br>Fasma, LLC,<br><br>                Debtors. | Chapter 7<br><br>Case Nos.   03-19465<br>                       03-19468<br>                       03-19474<br><br>Jointly Administered |
| Brenda P. Helms, not individually, but solely as Chapter 7 Trustee of the Estate of Sarah Michaels, Inc., Sarah Michaels, LLC, and Fasma, LLC,<br><br>                Plaintiff,<br>v.<br><br>O'MALLEY & ASSOCIATES, INC.,<br><br>                Defendant. | Honorable Jack B. Schmetterer<br><br><br><br>Adv. No. 05-01192 |

## [~~PROPOSED~~] FINDINGS OF FACT AND CONCULSIONS OF LAW

Having received and reviewed the motion and affidavit filed by the Plaintiff, Brenda P. Helms, not individually, but solely as Chapter 7 Trustee ("Plaintiff") of the Estate of Sarah Michaels, Inc., Sarah Michaels, LLC, and Fasma, LLC (collectively, the "Debtors"), in support of the default of O'Malley & Associates, Inc. ("Defendant"), and having entered an Order of Default on August 25, 2005, in favor of the Plaintiff and against Defendant, this Court now makes the following Findings of Fact and Conclusions of Law:

### I. FINDINGS OF FACT

1. On May 1, 2003 (the "Petition Date") the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois.

{A0097103.DOC}

2. On June 30, 2003, this Court entered an order allowing the joint administration of the three bankruptcy cases (collectively, the "Cases").

3. On January 26, 2004, this Court converted the Cases to ones under Chapter 7 of the Bankruptcy Code. Subsequently, this Court confirmed the appointment of Brenda P. Helms as the Chapter 7 Trustee of the Debtors' bankruptcy estates pursuant to 11 U.S.C. § 701(a)(1).

4. The claims asserted in this adversary proceeding arise in, arise under, or are related to the Cases.

5. During the ninety (90) days preceding the Petition Date (the "Preference Period"), the Debtors made certain payments from their own funds to or for the benefit of O'Malley & Associates, Inc. ("Defendant"), in the aggregate amount of $31,000.00 (the "Transfers").

6. The Transfers have never been repaid to the Debtors' estates.

7. The Transfers were made to or for the benefit of Defendant, a creditor of the Debtors, on account of antecedent debts due and owing from the Debtors to Defendant before the Transfers were made.

8. At the time each of the Transfers was made, the Debtors' financial condition was such that the sum of its debts was greater than all of its property, at a fair valuation.

9. The Transfers enabled Defendant to receive more on account of antecedent debts than Defendant would have received if, as of the date of each such payment, the Debtors had commenced a case under chapter 7 of the Bankruptcy Code, the particular Preference Payment had not been made and Defendant received payment on account of the corresponding antecedent debt to the extent provided by the provisions of the Bankruptcy Code.

10. On January 12, 2005, counsel for Plaintiff sent a demand letter to Defendant requesting the return of the Transfers pursuant to 11 U.S.C. §§ 547 and 550.

11. Defendant failed to respond to the demand letter.

12. On or about April 14, 2005, Plaintiff initiated the instant adversary proceeding by filing a complaint (the "Complaint") against Defendant to avoid and recover the Transfers.

13. On April 14, 2005, the Clerk of Court issued a summons to Defendant and Plaintiff served a copy of a summons and the Complaint on Defendant via United States Mail, postage prepaid pursuant to Fed. R. Bankr. 7004.

14. Defendant has failed to answer or otherwise plead to the Complaint.

15. On July 8, 2005, upon Plaintiff's motion, this Court defaulted Defendant for failing to plead or otherwise defend the Complaint.

16. The allegations of the Complaint, which are taken as admitted as a result of Defendant's default in this cause and are supported by the affidavit of Brenda P. Helms, the Chapter 7 Trustee,[1] establish that the Defendant (1) was a creditor of the Debtors; (2) received the Transfers from the Debtors' funds on or before ninety (90) days prior to the Petition Date while the Debtors were insolvent; (3) received Transfers for or on account of an antecedent debt owed by the Debtors before such Transfers were made; and (4) received more on account of the antecedent debt than it would have received in a hypothetical chapter 7 liquidation.

## II. CONCLUSIONS OF LAW

A. This Court has jurisdiction of this adversary proceeding under 28 U.S.C. §§ 157 and 1334 because this proceeding arises in and is related to the Cases.

B. This is a core proceeding under 28 U.S.C. § 157(b)(2)(F).

C. The Cases are pending before this Court. Accordingly, venue of this adversary proceeding is proper in this Court under 28 U.S.C. §1409(a).

---

[1] The affidavit of Brenda P. Helms was previously filed on June 23, 2005 as an exhibit to the Motion For Default Judgment Against Preference Defendant.

D. Pursuant to 11 U.S.C. § 547(f), the Debtors are presumed to have been insolvent during the Preference Period at the time they made the Transfers.

E. Plaintiff has met her burden of proving that the Transfers are avoidable under 11 U.S.C. § 547(b) and as required by 11 U.S.C. § 547(g).

F. The Transfers are avoidable under 11 U.S.C. § 547(b).

G. Plaintiff is entitled to a judgment against Defendant under 11 U.S.C. § 547(b).

H. Defendant is either "(1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or (2) [an] immediate or mediate transferee of such initial transferee" as set forth in 11 U.S.C. §§ 550(a)(1) and (2).

I. Pursuant to 11 U.S.C. § 550(a), Plaintiff is entitled to recover, from Defendant, and for the benefit of the Debtors' estates, the value of the Transfers.

DATED this ___ day of September, 2005.

_____
United States Bankruptcy Judge

**_Prepared By:_**

Richard M. Fogel (#3127114)
James J. Teich (#6273149)
Shaw Gussis Fishman Glantz
 Wolfson & Towbin LLC
321 North Clark Street, Suite 800
Chicago, Illinois 60610
(312) 541-0151 telephone
(312) 980-3888 facsimile

{A0097103.DOC}  4